UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

LAURIE LOU ERWIN,

     Debtor.

_____/

FARHAT & STORY, P.C.,

     Plaintiff,

v.

LAURIE L. ERWIN,

     Defendant.

_____/

Case No. 08-06425
Chapter 7

Adversary Proceeding
No. 13-80260

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR-DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

*At a session of said court of bankruptcy, held in
and for said district, on January 29, 2014.*

PRESENT:  HONORABLE JAMES D. GREGG
              United States Bankruptcy Judge

Farhat & Story, P.C. (the "Plaintiff") filed the above-captioned adversary proceeding against Laurie L. Erwin (the "Debtor-Defendant") on October 3, 2013. (AP Dkt. No. 1.) The complaint alleges that, prior to the Debtor-Defendant's bankruptcy case,[1] the Plaintiff law firm represented the Debtor-Defendant in her fiduciary capacity

---

[1] The Debtor-Defendant filed a voluntary petition under chapter 13 of the Bankruptcy Code on July 22, 2008. (Dkt. No. 1.) The Debtor's case was converted to chapter 7 on March 4, 2010. (Dkt. No. 44.) The chapter 7 case was designated as a "no asset" case, and the Debtor-Defendant received a discharge on August 5, 2010. (Dkt. No. 60.) Although the Plaintiff was a creditor of the Debtor-Defendant at the time the bankruptcy case was filed, the debt to the Plaintiff was not listed on the Debtor-Defendant's bankruptcy schedules. (See Dkt. No. 97 at

as personal representative of her mother's probate estate. The complaint further asserts that the Debtor-Defendant breached her fiduciary duties to the probate estate by misappropriating estate funds, and that these breaches left the probate estate with insufficient funds to pay creditors, including the Plaintiff. After the probate estate was closed, the Plaintiff obtained a $7,131.69 judgment for unpaid attorneys' fees against the Debtor-Defendant in the District Court for Ingham County, Michigan.[2] In this adversary proceeding, the Plaintiff seeks to have this debt excepted from discharge because it is asserted that the Debtor-Defendant committed a defalcation while acting in a fiduciary capacity. Because the Plaintiff was not listed as a creditor and lacked actual knowledge of the Debtor-Defendant's bankruptcy case, the complaint is filed pursuant to 11 U.S.C. §§ 523(a)(3)(B) and (a)(4).

On October 4, 2013, the Debtor-Defendant filed a motion to dismiss the Plaintiff's complaint. (AP Dkt. No. 4.) The Debtor-Defendant's original motion to dismiss challenged the timeliness of the complaint, and asserted that the complaint should be dismissed under the theories of waiver, equitable estoppel, or laches.

The Debtor-Defendant filed an amended motion to dismiss on November 12, 2013. (AP Dkt. No. 13.) In her amended motion, the Debtor-Defendant argues that the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6)

---

¶ 11.) It is also undisputed that Plaintiff did not have actual notice of the Debtor-Defendant's bankruptcy case until approximately March 29, 2013. (Id. at ¶ 14.)

The Debtor-Defendant filed a motion to re-open the base case on May 7, 2013, and an order re-opening the case was entered on July 23, 2013. (Dkt. Nos. 63 & 86.) As noted above, the Plaintiff filed its nondischargeability complaint under §§ 523(a)(3)(B) and (a)(4) on October 3, 2013. (AP Dkt. No. 1.)

[2]    The Plaintiff's efforts to collect this judgment are the subject of a separate Motion for Sanctions for Willful Violation of the Discharge Injunction, which is currently pending in the base case. (Dkt. No 87.) Although the issues raised in the Motion for Sanctions are somewhat related to the issues presented in this adversary proceeding, the Motion for Sanctions is not addressed in this order.

2

because the Debtor-Defendant, as a matter of law, was not a fiduciary to the Plaintiff for purposes of § 523(a)(4).  See Patel v. Shamrock Floorcovering Servs., Inc. (In re Patel), 565 F.3d 963, 968 (6th Cir. 2009) (discussing narrow construction of "fiduciary capacity" under § 523(a)(4)).  Specifically, the Debtor-Defendant asserts that the Plaintiff was retained to represent the Debtor-Defendant individually, as the personal representative of her mother's probate estate.  Although a personal representative may be a fiduciary with respect to beneficiaries of a probate estate, see Mich. Comp. Laws Ann. § 700.1212(1), the Debtor-Defendant argues that this fiduciary relationship does not extend to creditors of the probate estate, such as the Plaintiff law firm.  See Mich. Comp. Laws Ann. § 700.3712 ("If the exercise or failure to exercise a power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of fiduciary duty to the same extent as a trustee of an express trust."); In re Baldwin Trust, 739 N.W.2d 868, 480 Mich. 915 (2007) (adopting dissenting opinion in In re Baldwin Trust, 733 N.W.2d 419, 429, 274 Mich. App. 387, 405-06 (2007) ("While [a personal representative] may not [owe] a *fiduciary* duty to a creditor, he [or she] may nevertheless owe *a* duty and be liable to a creditor for a loss to the estate arising from the breach of a duty owed to the estate.") (emphasis in original)).

A hearing on the Debtor-Defendant's Motion to Dismiss was held before this court on November 26, 2013, and a continued hearing was held on December 19, 2013. After hearing oral arguments, the court took the motion under advisement.

The court, having carefully reviewed the pleadings, arguments, and applicable law, has determined that the Debtor-Defendant's Motion to Dismiss shall be denied.

3

The Plaintiff has alleged that it was entitled to payment of its attorney's fees from the probate estate, see Mich. Comp. Laws Ann. §§ 700.3715(w), 700.3805, Mich. Court Rule 5.313, and that the failure of the Debtor-Defendant to pay the fees constituted a defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4). The court concludes that the Plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). The Plaintiff is entitled to attempt to prove the elements of nondischargeability under § 523(a)(4) and a trial on the merits is warranted. At trial, the following legal and factual issues may be relevant to the issue of whether the Debtor-Defendant owed a fiduciary duty to the Plaintiff:

(1) Was the Plaintiff representing the Debtor-Defendant individually or in her capacity as personal representative of the probate estate? Was any order addressing this question entered by the probate court?

(2) Under applicable probate law, does a personal representative owe a fiduciary duty to a creditor or an "interested person" of the probate estate? Is this duty sufficient under federal law to establish that the Debtor-Defendant was acting in a fiduciary capacity for purposes of § 523(a)(4)? See In re Patel, 565 F.3d at 968 (Under § 523(a)(4), the term "fiduciary capacity" is construed more narrowly than it is in some other contexts, and covers only fiduciary obligations created under "express or technical trusts.") (additional citations omitted).

(3) The Plaintiff has alleged that it was entitled to payment of its attorney's fees from the probate estate. Did the Plaintiff file a motion or other request for payment of its fees in the probate court? If so, was the request accompanied by copies of the Plaintiff's time records and other documentation required by the applicable court rules? Did the probate court approve payment of the Plaintiff's fees?

Although not addressed at oral argument, the Debtor-Defendant's original motion to dismiss also raised issues regarding the timeliness of the Plaintiff's complaint,

4

including the equitable defense of laches.[3]  The Plaintiff's complaint was filed pursuant to § 523(a)(3)(B).  Under Federal Rule of Bankruptcy Procedure 4007(b), complaints brought under this statutory subsection "may be filed at any time."  Regardless, this court believes that the equitable doctrine of laches may apply to complaints brought under § 523(a)(3)(B) in certain circumstances.  See, e.g., In re Dixon, 295 B.R. 226, 234 (Bankr. E.D. Mich. 2003) (quoting Selinger v. Beaty (In re Beaty), 306 F.3d 914, 926 (9th Cir. 2002) (The "equitable doctrine of laches . . . is a relevant and necessary doctrine in the bankruptcy context;" however, "bankruptcy courts should be especially solicitous to § 523(a)(3)(B) claimants when laches is invoked, and [should] refuse to bar an action without a particularized showing of demonstrable prejudicial delay.")).  The court shall reserve its decision on whether laches applies, and whether the elements of such a defense have been met, until after the conclusion of trial.  Id. at 235 ("laches requires an 'unexcused or unreasonable delay' that is prejudicial to a party") (citing Ruiz v. Shelby County Sheriff's Dept., 725 F.2d 388, 393 (6th Cir. 1984)).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss be, and hereby is, DENIED.

IT IS FURTHER ORDERED that a status conference shall be held before this court on **February 21, 2014**, at **11:00 a.m.** in **Lansing**, Michigan.  After the status conference, the court will likely schedule a trial in this adversary proceeding as soon as is practicable.

---

[3]    The court has decided to briefly address this issue to deter a future motion regarding the laches defense which would unduly delay the progress of this adversary proceeding.

IT IS FURTHER ORDERED that a copy of this memorandum opinion and order shall be served by electronic means (ECF) or first-class U.S. Mail upon the following persons:

Andrew J. Gerdes, Esq. (ECF)

Robert W. Dietrich, Esq. (ECF)

_____
HONORABLE JAMES D. GREGG
United States Bankruptcy Judge